UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

NANCY C. WRIGHT,  :
        Plaintiff  :  No. 3:12-CV-1277
        vs.  :  (Judge Nealon)
MICHAEL ASTRUE,  :
COMMISSIONER OF SOCIAL  :
SECURITY,  :
        Defendant  :

FILED
SCRANTON
OCT 2 5 2012
PER _____
DEPUTY CLERK

## MEMORANDUM

The above-captioned action is an appeal pursuant to 42 U.S.C. § 405(g) of a decision of the Commissioner of the Social Security Administration denying Plaintiff Nancy C. Wright social security disability and supplemental security income benefits.

Under 42 U.S.C. § 405(g) and relevant case law, the court is generally limited to reviewing the administrative record to determine whether the decision is supported by substantial evidence. Chapter 20 of the Local Rules for the Middle District of Pennsylvania establishes the procedural mechanism for deciding challenges to the denial of social security disability benefits.

On July 5, 2012, this Court issued an order which, inter alia, directed the Commissioner to file an answer within 60 days of being served with the complaint. On September 10, 2012, the Commissioner appropriately filed a motion to dismiss the complaint and a brief in support thereof in lieu of the answer and the transcript.

In the motion, the Commissioner requests that Wright's complaint be dismissed because it was untimely filed. A 12-page rambling, single-spaced, handwritten document entitled "Statement

of Case" was filed by Wright on October 9, 2012. The motion to dismiss became ripe for disposition on October 15, 2012, when the Commissioner filed a reply brief.

The Social Security Act requires that an applicant for social security disability benefits who is denied such benefits file a civil action with the appropriate federal district court within sixty days after the mailing to the applicant a notice of the final decision of the Commissioner. 42 U.S.C. § 405(g). According to the Commissioner's regulations, an applicant for disability benefits may obtain review of the final decision of the Commissioner in federal court so long as a civil action is instituted within 60 days after receipt of the Appeals Council's notice of denial of a request for review. 20 C.F.R. § 422.210 (a), (c) (2009). The date of receipt of the notice of denial of a request for review by the Appeals Council is considered to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary. 20 C.F.R. § 422.210(c).

In the present case, the final decision of the Commissioner was issued on March 20, 2012, and on that date a copy of the decision was mailed to Wright at her address of record, 40 Cherry Street, Plymouth, Pennsylvania. Consequently, excluding the intervening Sunday, it was presumed that Wright received the notice on Monday, March 26, 2012. The Court will, however, add three days to that date and assume she received notice on Thursday, March 29, 2012. Based on that date, Wright had until June 1, 2012,[1] to file a civil action in federal court. Wright, however, did not file her complaint until Tuesday, July 3, 2012, 32 days after the deadline.

---

1. This date gives Wright the benefit of 3 extra days for mailing and because the 60th day fell on a holiday, Memorial Day, that day was excluded.

Wright, in her document entitled "Statement of Case", offers no explanation as to why she was unable to file a civil action in a timely manner or why the 60-day filing period should be equitably tolled.

There is a procedure under the Social Security regulations for obtaining, for good cause, an extension of time of the 60-day limitation period by applying to the Appeals Council for such an extension. 20 C.F.R. § 422.210(c). Wright did not take advantage of that procedure.

Because it is the Commissioner who has the authority to equitably toll the limitation period for good cause, it is doubtful that the Court has any authority in the first instance to do so, i.e., the Appeals Council should be given the first opportunity to address the issue. In any event, in light of the circumstances presented, the Court does not see any basis for equitable tolling by this Court. Consequently, Wright's complaint will be dismissed without prejudice to any right she may have to seek an extension of time from the Appeals Council.

An appropriate order follows.

_____
**United States District Judge**

Date: October 25, 2012