FILED
SCRANTON

JUN - 2 2014

PER_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCY C. WRIGHT, | : |
| Plaintiff | : No. 3:12-CV-1277 |
| vs. | : (Judge Nealon) |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | : |
| Defendant | : |

## MEMORANDUM

The above-captioned action was an appeal pursuant to 42 U.S.C. § 405(g) of a decision of the Commissioner of the Social Security Administration denying Plaintiff Nancy C. Wright social security disability and supplemental security income benefits.

Under 42 U.S.C. § 405(g) and relevant case law, the court is generally limited to reviewing the administrative record to determine whether the decision is supported by substantial evidence. Chapter 20 of the Local Rules for the Middle District of Pennsylvania establishes the procedural mechanism for deciding challenges to the denial of social security disability benefits.

On July 5, 2012, the court issued an order which, inter alia, directed the Commissioner to file an answer within 60 days of being served with the complaint. On September 10, 2012, the Commissioner appropriately filed a motion to dismiss the complaint and a brief in support thereof in lieu of the answer and the transcript.

In the motion, the Commissioner requested that Wright's complaint be dismissed because it was untimely filed. A twelve-page single-spaced, handwritten document entitled "Statement of Case" was filed by Wright on October 9, 2012.

The Social Security Act requires that an applicant for social security disability benefits who is denied such benefits file a civil action with the appropriate federal district court within sixty (60) days after the mailing to the applicant of a notice of the final decision of the Commissioner. 42 U.S.C. § 405(g). According to the Commissioner's regulations, an applicant for disability benefits may obtain review of the final decision of the Commissioner in federal court so long as a civil action is instituted within sixty (60) days after receipt of the Appeals Council's notice of denial of a request for review. 20 C.F.R. § 422.210 (a),(c)(2009). The date of receipt of the notice of denial of a request for review by the Appeals Council is considered to be five (5) days after the date of such notice, unless there is a reasonable showing to the contrary. 20 C.F.R. § 422.210(c).

In the present case the final decision of the Commissioner was issued on March 20, 2012, and on that date a copy of the decision was mailed to Wright at her address of record, 40 Cherry Street, Plymouth, Pennsylvania. Consequently, excluding the intervening Sunday it was presumed that Wright received the notice on Monday, March 26, 2012. The court, however, added three

days to that date and assumed she received notice on Thursday, March 29, 2012. Based on that date, Wright had until June 1, 2012,[1] to file a civil action in federal court. Wright, however, did not file her complaint until Tuesday, July 3, 2012, thirty-two (32) days after the deadline.

Wright in the document entitled "Statement of Case" offered no explanation as to why she was unable to file a civil action in a timely manner or why the sixty-day filing period should be equitably tolled. Also, there is a procedure under the Social Security regulations for obtaining for good cause an extension of time of the sixty-day limitation period by applying to the Appeals Council for such an extension. 20 C.F.R. § 422.210(c). Wright did not take advantage of that procedure. Consequently, by order of October 25, 2012, the Court dismissed Wright's complaint as untimely filed.

On October 30, 2013, more than a year after the dismissal of the complaint, Wright filed a motion for reconsideration pursuant to Rule 60 of the Federal Rules of Civil Procedure. Doc. 15. A motion under Rule 60 "must be made within a reasonable time" and where the factors set forth in Rule 60(b)(1), (2) and (3) are alleged within a year of the order dismissing the case. Those factors include mistake, inadvertence, surprise, newly discovered evidence and fraud. Local Rule 7.10 provides that

---

1. This date gave Wright the benefit of 3 extra days for mailing and because the 60th day fell on a holiday, Memorial Day, that day was excluded.

a motion for reconsideration must be "filed within fourteen (14) days after entry of the order concerned." M.D. Pa. Local Rule 7.10. Rule 7.10 further provides that it is not applicable to motions filed under Federal Rule of Civil Procedure 59 which must be filed within twenty-eight (28) days after entry of judgment. Wright's motion is a six-page handwritten document that contains no basis for this court to reconsider the order of October 25, 2012, dismissing Wright's complaint. Under the circumstances presented the court will deny Wright's motion because it sets forth no reason justifying reconsideration and is untimely.

    An appropriate order follows.

Date: June 2, 2014

United States District Judge